| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Peter C. Wittlin, CSB#75222<br>8 Corporate Park, Ste. 300<br>Irvine, CA 92606<br>(949) 430-6529<br>pwittlin@gmail.com | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Creditor, Alan Wong | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>Brian Willis,<br><br><br><br><br><br><br><br><div align="right">Debtor(s).</div> | CASE NO.: 8:20-bk-10090-ES<br>CHAPTER: 13<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)**<br><br>DATE: 02/06/2020<br>TIME: 10:00 AM<br>COURTROOM: 5A |
|---|---|

**Movant**: Creditor, Alan Wong

1. **Hearing Location**:
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☒ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    F 4001-1.RFS.NONBK.MOTION

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  01/14/2020

Peter C. Wittlin, Atty.
Printed name of law firm (if applicable)

Peter C. Wittlin
Printed name of individual Movant or attorney for Movant

*PCWittlin*
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (specify):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Wong v. Willis

   b. *Docket number:* 30-2019-0115993

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
   Orange County Superior Court, Harbor Judicial District

   d. Causes of action or claims for relief (Claims):
   Unlawful detainer

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13
   was filed on (*date*) _01/10/2020_.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    F 4001-1.RFS.NONBK.MOTION

f. ☒ The bankruptcy case was filed in bad faith.

  (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

  (2) ☒ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

  (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

  (4) ☒ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (specify):
   Debtor lied in paragraph 11 of his petition claiming that landlord did not obtain an evicti judgment against him.  Landlord did so on 11-22-19 by stipulated judgment, a copy of which is attached.

5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (specify):

6. **Evidence in Support of Motion:  (*Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (specify):
   Se attached stipulation for entry of judgment entered 11-22-19.

7. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☑ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 4                          F 4001-1.RFS.NONBK.MOTION

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.


Date:  01/14/2020

Peter C. Wittlin, Atty.
Printed name of law firm (*if applicable*)

Peter C. Wittlin
Printed name of individual Movant or attorney for Movant

*P C Wittlin*
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 5                        F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) _Peter C. Wittlin_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would
competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

    ☐ I am the Movant.
    ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (*title and capacity*):
    ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain
to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts,
I know them to be true of my own knowledge or I have gained knowledge of them from the business records of
Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained
in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.
Any such document was prepared in the ordinary course of business of Movant by a person who had personal
knowledge of the event being recorded and had or has a business duty to record accurately such event.  The
business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

    ☒ Plaintiff
    ☐ Defendant
    ☐ Other (*specify*):

4. The Nonbankruptcy Action is pending as:

    a. *Name of Nonbankruptcy Action*: Wong v. Willis
    b. *Docket number*: 30-2019-01105993
    c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
       Orange County Superior Court, Harbor Judicial District

5. **Procedural Status of Nonbankruptcy Action**:

    a. The Claims are:
       by stipulated judgment entered 11-22-2019, have been adjudicated.  All that remains is for issuance of a
       writ execution for possession of the premises located at 122 Catalonia, Irvine, CA 92618.


    b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _A____.
    c. The Nonbankruptcy Action was filed on (*date*) _10-18-2019_
    d. Trial or hearing began/is scheduled to begin on (*date*) _N/A._
    e. The trial or hearing is estimated to require ___ days (*specify*).
    f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 6                          F 4001-1.RFS.NONBK.MOTION

g.   Other defendants in the Nonbankruptcy Action are (*specify*):

6.   **Grounds for relief from stay:**

a.   ☐   Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b.   ☐   Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c.   ☐   Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.  The insurance carrier and policy number are (*specify*):

d.   ☐   The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1)   ☐   It is currently set for trial on (*date*) _____.

(2)   ☐   It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____.  The basis for this belief is (*specify*):

(3)   ☐   The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e.   ☒   The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1)   ☒   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2)   ☒   The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

Lockout by sheriff to be 1-5-2020 per stipulated judgment entered 11-22-2019.  Bankrupuptcy case filed 1-10-2020.

(3)   ☐   Multiple bankruptcy cases affecting the Property include:

(A)   Case name:
Case number:
Date filed:            Date discharged:            Date dismissed:
Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 7                    **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number: Chapter:

Date filed: Date discharged: Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:

Case number: Chapter:

Date filed: Date discharged: Date dismissed:

Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☒ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/14/2020 | Peter C. Wittlin | *PCWittlin* |
|---|---|---|
| Date | Printed name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Continuation Page to Declaration of Peter C. Wittlin

    Debtor Willis lied in paragraph 11 of his petition contending that no eviction judgment was obtained gainst him.  It was, on 11-22-2019.  See attached stipulation for entry of judgment, Exhibit "B."

    Debtor failed to file "Initial Statement About an Eviction Judgment Against You (Form 101A)" with his bankruptcy petition, and has failed to deposit with the court any administrative rent.

Electronically Filed by Superior Court of California, County of Orange, 10/21/20

1  Peter C. Wittlin CSB#75222
   Attorney at Law
2  8 Corporate Park
   Suite 300
3  Irvine, CA 92606
   (949) 430-6529
4
   pwittlin@gmail.com
5  Attorney for Plaintiff

6

7

8                  Superior Court of California

9        County of Orange - HARBOR   Justice Center

10

11  Alan Wang,                    )   Case No.
                                  )
12             Plaintiff,         )   30-2019-01105993-CL-UD-HNB
                                  )
13  vs.                           )   Assigned to Judge
                                  )
14  Brian Willis, and Does 1 - 5, )
    inclusive,                    )
15                                )   Complaint for Unlawful
               Defendants.        )   Detainer
16                                )
                                  )   (Limited Jurisdiction
17 _____)     Not Over $10,000)

18  Plaintiff alleges:

19              First Cause of Action

20      (For Holding Over After Expiration of Lease)

21      1. Plaintiff, Alan Wang, is an individual who resides in the

22  within judicial district, and is the property manager authorized

23  to prosecute the within unlawful detainer action for Rong Zou

24  ("Zou"), an individual, who is and at all material times herein

25  mentioned was the owner of the herein below described subject

26  real property.

27      2.  Defendant, Brian Willis, is an individual residing in

28  within judicial district, and the occupant of the real property

                                    -1-    /Complaint for Unlawful Detainer

**EXHIBIT** ___"A"___

1  at issue in this action, to wit: 122 Catalonia, Irvine, Orange

2  County, California 92618, herein the "Leased Premises."

3     3.  Does 1 through 5, are the fictitious names of defendants

4  presently unknown to Wang, who upon ascertaining their

5  identities, will amend this complaint to state their true names

6  and capacities.

7     4.  On or about October 4, 2018, Zou, as landlord, and

8  Willis, as tenant, entered into a certain three-year residential

9  lease for Willis to occupy the Leased Premises, a copy of which

10  lease (the "Lease") is attached hereto as Exhibit "A," and

11  incorporated herein by reference. The Lease reflects that it

12  terminates October 15, 2021.

13     5.  On or about April 15, 2019, Willis and Zou entered into

14  a certain Addendum, a copy of which is attached hereto Exhibit

15  "B," expressly amending the Lease to provide that it is subject

16  to earlier termination at Rou's option as follows: it may end on

17  October 14, 2019, if Willis did not timely pay the $4,100 monthly

18  rent during the first year, i.e., from May 1, 2019, through

19  October 1, 2019.

20     6.  Per the July 9, 2019, Notice Terminating Tenancy, a copy

21  of which is attached hereto as Exhibit "C," and incorporated

22  herein by reference, Willis did not pay the rent on time for the

23  months of May through July of 2019, which payment was due by the

24  first day of each month, e.g., Willis paid the May rent lately on

25  or about June 15, 2019, and the June and July rent lately on or

26  about July 19, 2019.  Based upon any one of these failures by

27  Willis timely to pay the monthly rent, Zou had the option to

28  terminate the Lease to end October 14, 2019, which option Zou

                              -2-    /Complaint for Unlawful Detainer

exercised by the serving on July 12, 2019, of his Notice Termination Tenancy (Exhibit "C"), proof of service thereof being attached hereto Exhibit "D," hereby incorporated by reference.

7. Despite Willis being served with the Notice Terminating Tenancy, Willis remains in possession of Leased Premises although his tenancy therein terminated October 14, 2019, and is now a holdover tenant subject to being evicted by this unlawful detainer proceeding per Code of Civil Procedure section 1161(1).

8. Paragraph 36 of the Lease provides that in any action arising out of the Lease that the prevailing party shall be entitled to recover its reasonable attorney's fees not exceeding $1,000. Plaintiff Wang has engaged Attorney Wittlin herein to prosecute the within unlawful detainer action, whose attorney's fees incurred and to be incurred shall exceed $1,000.

<u>Second Cause of Action</u>

(To Evict for Failure to Pay rent)

10. Wang hereby repleads paragraphs 1 through 5, and 8, of the First Cause of Action hereinabove as though fully set forth at this point.

11. On October 9, 2019, Wang caused to be served upon Willis, an October 8, 2019, dated Notice to Pay Rent, a copy of which is attached hereto as Exhibit "E," which notice required Willis to pay within three (3) days thereafter, excluding the week-end of October 12 and 13, 2019, and the court holiday of Monday, October 14, 2019, i.e., by October 15, 2019, the rent owing for the Leased Premises for September 2019 and for the first 14 days of October 2019, plus late fees, totaling $6,151.61. Willis failed to pay any portion or all of such rent

-3-    /Complaint for Unlawful Detainer

by October 16, 2019, by which failure defendants, and each of them, became and are liable to Zou, for $6,151.61, per Code of Civil Procedure section 1161(2), plus prejudgment interest thereon in an amount according to proof.

12. Proof of service of such Notice to Pay Rent is attached hereto as Exhibit "F," and incorporated herein by reference.

13. Wang is informed and believes that Willis and Does 1 through 5, and each them, are wilfully and deliberately holding over possession of the Lease Premises with knowledge that the tenancy has terminated, and that continued possession by Willis and Does 1 through 5, and each of them, is without legal right and against Zou's will, i.e., is malicious, for which defendants, and each of them, are liable to Zou for $600 in statutory damages per Code of Civil Procedure section 1171(b).

14. Defendants, and each of them, continue to remain liable for rental damages from and after October 4, 2019, through trial at the rate of $136.67 per diem, according to proof.

Wherefore, Wang pray that judgment be entered in his favor and against defendants, and each of them, as follows:

1. for possession of the Leased Premises;

2. for $6,151.61 in rent owing for the month of September 2019, and for the first 14 days of October 2019, and for prejudgment interest thereon at the highest legal rate according to proof;

3. for daily rental loss of $136.67 from and after October 14, 2019;

4. for statutory fees of $600;

5. for reasonable attorney's fees of $1,000;

-4-    /Complaint for Unlawful Detainer

1       6. for costs of suit herein incurred; and

2       7. for such further other and relief as the Court deems

3 just.

4 Dated: October 18, 2019

5                               x_____

6                                 Peter C. Wittlin
                                Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/Complaint for Unlawful Detainer

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Verification

I am plaintiff. I have read the foregoing complaint. The same is true of my own knowledge, except as to the matters that I stated on my information or belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under California law that the foregoing is true and correct and is executed in Irvine, California this 18th day of October 2019.

```
                              ┌─DocuSigned by:
                              │ Alan(Luowei) Wang
                         x    └──3FAC8AA2876B402...
                              Alan Wang
                              Plaintiff
```

- Exhibits -

A - Lease
B - Addendum
C - Notice Terminating Tenancy
D - Proof of Service of Notice Terminating Tenancy
E - Notice to Pay Rent or Quit
F - Proof of Service of Notice to Pay Rent or Quit

CALIFORNIA
ASSOCIATION
OF REALTORS®

**RESIDENTIAL LEASE OR
MONTH-TO-MONTH RENTAL AGREEMENT**
(C.A.R. Form LR, Revised 6/18)

Date ___10/03/2018___

Rong Zou _____ ("Landlord") and
Brian Wills _____ ("Tenant") agree as follows ("Agreement")

1. **PROPERTY:**
   A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: 122 Catalonia,
   Irvine, CA 92618-8882 _____ ("Premises").
   B. The Premises are for the sole use as a personal residence by the following named person(s) only: _____
   _____
   C. The following personal property, maintained pursuant to paragraph 11, is included _____
   _____ or, (if checked) the personal property on the attached addendum is included
   D. The Premises may be subject to a local rent control ordinance

2. **TERM:** The term begins on (date) ___October 15, 2018___ ("Commencement Date"). If Tenant has not paid all amounts then due;
   (i) Tenant has no right to possession or keys to the premises and; (ii) this Agreement is voidable at the option of Landlord, 2 calendar
   days after giving Tenant a Notice to Pay (C.A.R. Form PPN). Notice may be delivered to Tenant (i) in person; (ii) by mail to Tenant's last
   known address, or (iii) by email, if provided in Tenant's application or previously used by Tenant to communicate with Landlord or agent
   for Owner. If Landlord elects to void the lease, Landlord shall refund to Tenant all rent and security deposit paid.
   (Check A or B):
   ☐ A. **Month-to-Month:** This Agreement continues from the commencement date as a month-to-month tenancy. Tenant may
   terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Tenant shall be
   responsible for paying rent through the termination date even if moving out early. Landlord may terminate the tenancy by
   giving written notice as provided by law. Such notices may be given on any date.
   ☒ B. **Lease:** This Agreement shall terminate on (date) ___October 15, 2021___ at _____ ☐ AM/ ☐ PM. Tenant
   shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this
   Agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from
   Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may
   terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All
   other terms and conditions of this Agreement shall remain in full force and effect.

3. **RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of this Agreement, except security deposit.
   A. Tenant agrees to pay $4,100.00 _____ per month for the term of the Agreement.
   B. Rent is payable in advance on the 1st (or _____) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full
   month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated and Tenant shall pay
   1/30th of the monthly rent per day for each day remaining in the prorated second month.
   D. **PAYMENT:** (1) Rent shall be paid by ☐ personal check, ☐ money order, ☐ cashier's check, made payable to Rong Zou
   _____, ☒ wire/electronic transfer, or ☐ other _____
   (2) Rent shall be delivered to (name) _____
   (whose phone number is) _____ at (address) _____
   _____, (or at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if
   checked, rent may be paid personally, between the hours of _____ and _____ on the following days _____.
   (3) If any payment is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in
   writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☒ cashier's check.
   E. Rent payments received by Landlord shall be applied to the earliest amount(s) due or past due.

4. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay $4,100.00 _____ as a security deposit. Security deposit will be ☒ transferred to and held by the
   Owner of the Premises, or ☐ held in Owner's Broker's trust account.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which
   includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest,
   invitee or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property
   or appurtenances. SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT. If all or
   any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after written
   notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: (1) furnish Tenant an itemized statement
   indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by
   California Civil Code § 1950.5(g); and (2) return any remaining portion of the security deposit to Tenant.
   C. Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security
   deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.
   D. No interest will be paid on security deposit unless required by local law.
   E. If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in
   Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposit is
   released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been
   released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.

Tenant's Initials ( ___ ) ( ___ )
Landlord's Initials ( RZ ) ( ___ )

© 2018, California Association of REALTORS®, Inc.
LR REVISED 6/18 (PAGE 1 OF 8)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 1 OF 8)**

Realty One Group Inc, 4010 Barranca Pkwy., Ste 120 Irvine CA 92604                    Phone: (949)468-3260    Fax                    122 Catalonia
Luowei Wang    Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

EXHIBIT "A"

Premises: _122 Catalonia, Irvine, CA  92618-8882_                                                                                    Date _10/03/2018_

**5. MOVE-IN COSTS RECEIVED/DUE:** Move-in funds shall be paid by ☐ personal check, ☐ money order, or ☐ cashier's check, ☐ wire/ electronic transfer

| Category | Total Due | Payment Received | Balance Due | Date Due | Payable To |
|---|---|---|---|---|---|
| Rent from _10/15/2018_ to _10/31/2018_ (date) | $2,248.00 | | $2,248.00 | 10/12/2018 | Rong Zou |
| *Security Deposit | $4,100.00 | | $4,100.00 | 10/12/2018 | Rong Zou |
| Other | | | | | |
| Other | | | | | |
| Total | $6,348.00 | | $6,348.00 | | |

*The maximum amount of security deposit, however designated, cannot exceed two months' Rent for an unfurnished premises, or three months' Rent for a furnished premises.

**6. LATE CHARGE; RETURNED CHECKS:**

A. Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ___) calendar days after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ ___ or ___ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

B. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall neither be deemed an extension of the date Rent is due under paragraph 3 nor prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

**7. PARKING: (Check A or B)**

☐ A. Parking is permitted as follows: ___

The right to parking ☐ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ ___ per month. Parking space(s) are to be used only for parking properly registered and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles, or storage of any kind is not permitted in parking space(s) or elsewhere on the Premises except as specified in paragraph 8.

OR ☐ B. Parking is not permitted on the real property of which the Premises is a part.

**8. STORAGE: (Check A or B)**

☐ A. Storage is permitted as follows: ___

The right to separate storage space ☐ is, ☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ ___ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.

OR ☐ B. Except for Tenant's personal property, contained entirely within the Premises, storage is not permitted on the Premises.

**9. UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: ___ except ___, which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

☐ A. Water Submeters: Water use on the Premises is measured by a submeter and Tenant will be separately billed for water usage based on the submeter. See attached Water Submeter Addendum (C.A.R. Form WSM) for additional terms.

☐ B. Gas Meter: The Premises does not have a separate gas meter.

☐ C. Electric Meter: The Premises does not have a separate electrical meter.

**10. CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke alarm(s) and carbon monoxide detector(s). (Check all that apply:)

☐ A. Tenant acknowledges these items are clean and in operable condition, with the following exceptions: ___

☐ B. Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).

☐ C. (i) Landlord will Deliver to Tenant a statement of condition (C.A.R. Form MIMO) ☐ prior to the Commencement Date; ☐ within 3 days after execution of this Agreement; ☐ within 3 days after the Commencement Date.
(ii) Tenant shall complete and return the MIMO to Landlord within 3 (or ___) days after Delivery. Tenant's failure to return the MIMO within that time shall conclusively be deemed Tenant's Acknowledgement of the condition as stated in the MIMO.

Tenant's Initials (_~_) (_____)                                                                 Landlord's Initials _R2_ (_____)

LR REVISED 6/18 (PAGE 2 OF 8)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 2 OF 8)**

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

Premises 122 Catalonia, Irvine, CA 92618-8882                                      Date 10/03/2018

    D.  Tenant will provide Landlord a list of items that are damaged or not in operable condition within 3 (or _____ ) days after
        Commencement Date, not as a contingency of this Agreement but rather as an acknowledgement of the condition of the Premises
    E.  Other

**11. MAINTENANCE USE AND REPORTING.**
    A.  Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and
        appliances, and all mechanical, electrical, gas and plumbing fixtures, carbon monoxide detector(s) and smoke alarms, and keep
        them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all carbon
        monoxide detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain.
        Tenant shall replace any burned out or malfunctioning light bulbs. Tenant shall immediately notify Landlord, in writing, of any
        problem, malfunction or damage with any item including carbon monoxide detector(s) and smoke alarms on the property. Tenant
        shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear
        and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner.
        Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots
        invading sewer lines.
    B.  ☐ Landlord ☒ Tenant shall water the garden, landscaping, trees and shrubs, except:
    C.  ☐ Landlord ☐ Tenant shall maintain the garden, landscaping, trees and shrubs, except:
    D.  ☐ Landlord ☐ Tenant shall maintain
    E.  Landlord and Tenant agree that State or local water use restrictions shall supersede any obligation of Landlord or Tenant to
        water or maintain any garden, landscaping, trees or shrubs pursuant to 11B, 11C, and 11D.
    F.  Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform
        such maintenance and charge Tenant to cover the cost of such maintenance.
    G.  The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or
        replace them
    H.  Tenant understands that if Premises is located in a Common Interest Development, Landlord may not have authority or control
        over certain parts of the Premises such as roof, electrical, gas or plumbing features inside certain walls, and common areas
        such as shared parking structure or garage.
    I.  Tenant shall not use the premises to plant, grow, cultivate or sell marijuana.

**12. NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy himself or herself as to neighborhood or area conditions, including,
but not limited to, schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders,
fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other
telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities,
existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or
odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of
common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and
preferences of Tenant.

**13. PETS:** Unless otherwise provided in California Civil Code §54.2, or other law, no animal or pet shall be kept on or about the
Premises without Landlord's prior written consent, except as agreed to in the attached Pet Addendum (C.A.R. Form PET).

**14. SMOKING:**
    A.  (i) Tenant is responsible for all damage caused by smoking including, but not limited to stains, burns, odors and removal of
        debris; (ii) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and
        drapes and paint the entire premises regardless of when these items were last cleaned, replaced or repainted. Such actions
        and other necessary steps will impact the return of any security deposit.
    B.  The Premises or common areas may be subject to a local non-smoking ordinance.
    C.  *NO SMOKING of any substance is allowed on the Premises or common areas.* If smoking does occur on the Premises or
        common areas, (i) Tenant is in material breach of this Agreement; (ii) Tenant, guests, and all others may be required to leave
        the Premises. ☐ Smoking of the following substances only is allowed:

**15. RULES/REGULATIONS:**
    A.  Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to
        Tenant. Tenant shall not, and shall ensure that guests, invitees, and licensees of Tenant shall not, disturb, annoy, endanger or
        interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, under federal, state, or
        local law including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or
        violate any law or ordinance, or commit a waste or nuisance on or about the Premises.
    B.  **(If applicable, check one)**
        ☐ 1.  Landlord shall provide Tenant with a copy of the rules and regulations within _____
        or _____
  OR ☐ 2.  Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.                    days

Tenant's Initials ( _N_ ) ( _____ )                         Landlord's Initials _R_ ( _____ )
LR REVISED 6/18 (PAGE 3 OF 8)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 3 OF 8)**

Produced with zipForm® by zipLogix   18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                 122 Catalonia



Premises 122 Catalonia, Irvine, CA, 92618-8882                                                              Date 10/03/2018

**16.** (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**
   A. The Premises are a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is _____. Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions ("HOA Rules") Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant or Landlord shall have the right to deduct such amounts from the security deposit.
   B. If applicable, Tenant is required to pay a fee to the HOA to gain access to certain areas within the development such as but not necessarily including or limited to the front gate, pool, and recreational facilities If not specified in paragraph 5, Tenant is solely responsible for payment and satisfying any HOA requirements prior to or upon or after the Commencement Date.
   C. (Check one)
        1. Landlord shall provide Tenant with a copy of the HOA Rules within _____ days
        or
        2. Tenant has been provided with, and acknowledges receipt of, a copy of the HOA Rules.

**17. ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 25C, without Landlord's prior written consent, (i) Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; (ii) Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; (iii) Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and (iv) any deduction made by Tenant shall be considered unpaid Rent.

**18. KEYS; LOCKS:**
   A. Tenant acknowledges receipt of (or Tenant will receive ☐ ) prior to the Commencement Date, or _____ )
        ☒ 3  key(s) to Premises,
        ☒ 1  key(s) to mailbox,          _____ remote control device(s) for garage door/gate opener(s).
        ☒ 1  key(s) to common area(s),
   B. Tenant acknowledges that locks to the Premises ☐ have, ☐ have not, been re-keyed.
   C. If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

**19. ENTRY:**
   A. Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs (including, but not limited to, installing, repairing, testing, and maintaining smoke detectors and carbon monoxide devices, and bracing, anchoring or strapping water heaters, or repairing dilapidation relating to the presence of mold); providing decorations, alterations, or improvements, or supplying necessary or agreed services; or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, contractors and others (collectively "Interested Persons") Tenant agrees that Landlord, Broker and Interested Persons may take photos of the Premises.
   B. Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows: (1) 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. (2) If Landlord has in writing informed Tenant that the Premises are for sale and that Tenant will be notified orally to show the premises (C.A.R. Form NSE), then, for the next 120 days following the delivery of the NSE, notice may be given orally to show the Premise to actual or prospective purchasers. (3) No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement (4) No notice is required: (i) to enter in case of an emergency; (ii) if the Tenant is present and consents at the time of entry; or (iii) if the Tenant has abandoned or surrendered the Premises.
   C. ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

**20. PHOTOGRAPHS AND INTERNET ADVERTISING:**
   A. In order to effectively market the Premises for sale or rental it is often necessary to provide photographs, virtual tours and other media to Interested Persons. Tenant agrees that Broker may photograph or otherwise electronically capture images of the exterior and interior of the Premises ("Images") for static and/or virtual tours of the Premises by Interested Persons for use on Broker's website, the MLS, and other marketing materials and sites. Tenant acknowledges that once Images are placed on the Internet neither Broker nor Landlord has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet.
   B. Tenant acknowledges that prospective Interested Persons coming onto the Premises may take photographs, videos or other images of the Premises. Tenant understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Landlord has control over who views such Images nor what use viewers may make of the Images.

**21. SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

**22. ASSIGNMENT; SUBLETTING: A.** Tenant shall not sublet all or any part of Premises, or parking or storage spaces, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement. **B.** This prohibition also applies ( ) does not apply) to short term vacation, and transient rentals such as, but not limited to, those arranged through AirBnB, VRBO, HomeAway or other short term rental services. **C.** Any violation of this prohibition is a non-curable, material breach of this Agreement.

Tenant's Initials ( __ ) ( __ )                                                     Landlord's Initials ( __ ) ( __ )
LR REVISED 6/18 (PAGE 4 OF 8)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 4 OF 8)**

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com                   122 Catalonia

Premises 122 Catalonia, Irvine, CA 92618-6882                                                                                            Date 10/03/2018

**23. JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

**24. POSSESSION:**
A. (1) Tenant is not in possession of the Premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or [___]) calendar days after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid or (2) Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.
B. [ ] Tenant is already in possession of the Premises.

**25. TENANT'S OBLIGATIONS UPON VACATING PREMISES:**
A. Upon termination of this Agreement, Tenant shall: (i) give Landlord all copies of all keys and any opening devices to Premises, including any common areas; (ii) vacate and surrender Premises to Landlord, empty of all persons, and personal property belonging to Tenant (iii) vacate any/all parking and/or storage space; (iv) clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10. (v) remove all debris; (vi) give written notice to Landlord of Tenant's forwarding address, and (vii) _____
B. All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.
C. Right to Pre-Move-Out Inspection and Repairs: (i) After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the expiration of this Agreement, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. (ii) Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. (iii) Tenant shall: (a) obtain receipts for Repairs performed by others; (b) prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and (c) provide copies of receipts and statements to Landlord prior to termination. Paragraph 25C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3), or (4).

**26. BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 25, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

**27. TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

**28. DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

**29. INSURANCE: A.** Tenant's, guest's, invitees or licensee's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. Tenant is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage. Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: (i) an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or (ii) loss of insurance. B. [ ] Tenant shall obtain liability insurance, in an amount not less than $ _____, naming Landlord and, if applicable, Property Manager as additional insured for injury or damage to, or upon, the Premises during the term of this agreement or any extension. Tenant shall provide Landlord a copy of the insurance policy before commencement of this Agreement, and a rider prior to any renewal.

**30. WATERBEDS/PORTABLE WASHERS:** Tenant shall not use or have waterbeds unless: (i) Tenant obtains a valid waterbed insurance policy; (ii) Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and (iii) the bed conforms to the floor load capacity of Premises. Tenant shall not use on the Premises [ ] Portable Dishwasher [ ] Portable Washing Machine.

**31. WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

Tenant's Initials ( ___ ) ( ___ )                                           Landlord's Initials ( R L ) ( ___ )

LR REVISED 6/18 (PAGE 5 OF 8)

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                              122 Catalonia



Premises: 122 Catalone, Irvine, CA  92618-8882    Date 10/03/2019

32 NOTICE ... Tenant.

33 TENANT ESTOPPEL CERTIFICATE: ... 3 days ...

34 REPRESENTATION

A  TENANT REPRESENTATION, OBLIGATIONS REGARDING OCCUPANTS; CREDIT. Tenant warrants that all statements in Tenant's rental application are accurate ...

B  LANDLORD REPRESENTATIONS: Landlord warrants that ... (i) ... recording Notices of Default affecting the Premise  (ii) any delinquent amounts due under any loan secured by the Premises, and (iii) any bankruptcy proceeding affecting the Premises.

35. MEDIATION:

A  Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any ...

B  The following matters are excluded from mediation: (i) an unlawful detainer action  (ii) the filing or enforcement of a mechanic's lien and (iii) any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies shall not constitute a waiver of the mediation provision.

C  Landlord and Tenant agree to mediate disputes or claims involving Listing Agent or Leasing Agent or property manager ("Broker") provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

36. ATTORNEY FEES: In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, collectively not to exceed $1,000, for $ ___ ... provided in paragraph 35A.

37. C.A.R. FORM: C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

38. STATUTORY DISCLOSURES:

A  ☐ LEAD-BASED PAINT (If checked): Premises were constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead control ...

B  PERIODIC PEST CONTROL (CHECK IF EITHER APPLIES):
1.  ☐ Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.
2.  ☐ Premises is a house. Tenant is responsible for periodic pest control treatment.

C  ☐ METHAMPHETAMINE CONTAMINATION: Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

D  BED BUGS: Landlord has no knowledge of any infestation in the Premises by bed bugs. See attached Bed Bug Disclosure (C.A.R. Form BBD) for further information. Tenant shall report suspected bed bug infestation to Landlord or ... property manager and cooperate with any inspection for and treatment of bed bugs. Landlord will notify Tenant of any ... infested by bed bugs.

E  MEGAN'S LAW DATABASE DISCLOSURE: Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

F  ☐ RESIDENTIAL ENVIRONMENTAL HAZARDS BOOKLET: Tenant acknowledges receipt of the booklet ... hazards booklet.

G  ☐ MILITARY ORDNANCE DISCLOSURE: (If applicable and known to Landlord) Premises are located within one mile of a former ... area once used for military training, and may contain potentially explosive munitions.

H  ☐ FLOOD HAZARD DISCLOSURE: Flooding has the potential to cause significant damage to personal property and the Premises. Tenant. See attached Tenant Flood Hazard Disclosure (C.A.R. Form TFH) for additional information.

Tenant's Initials ___  ___

LR REVISED 6.18 (PAGE 6 OF 8)

RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 6 OF 8)

Premises: *122 Catalonia, Irvine, CA  92618-8882*                                                                    Date: *10/03/2018*

**39. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

**40. AGENCY:**
  **A. CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
    Listing Agent: (Print firm name) _____ *Realty One Group* _____
    is the agent of (check one): [ ] the Landlord exclusively, or [X] both the Landlord and Tenant.
    Leasing Agent: (Print firm name) _____
    (if not the same as Listing Agent) is the agent of (check one): [ ] the Tenant exclusively, or [ ] the Landlord exclusively, or [ ] both the Tenant and Landlord.
  **B. DISCLOSURE:** [ ] (if checked): The term of this Agreement exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

**41.** [ ] **TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

**42. NOTICE OF RIGHT TO RECEIVE FOREIGN LANGUAGE TRANSLATION OF LEASE/RENTAL AGREEMENTS:** California Civil Code requires a landlord or property manager to provide a tenant with a foreign language translation copy of a lease or rental agreement if the agreement was negotiated primarily in Spanish, Chinese, Korean, Tagalog or Vietnamese. If applicable, every term of the lease/rental needs to be translated except for, among others, names, dollar amounts and dates written as numerals, and words with no generally accepted non-English translation.

**43. OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LL or LCA).

**44. RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

**45. OTHER TERMS AND CONDITIONS:** If checked, the following ATTACHED documents are incorporated in this Agreement:
  [ ] Keysafe/Lockbox Addendum (C.A.R. Form KLA); [ ] Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD);
  [ ] Lease/Rental Mold and Ventilation Addendum (C.A.R. Form LRM); [ ] Landlord in Default Addendum (C.A.R. Form LID)
  [X] Bed Bug Disclosure (C.A.R. Form BBD); [X] Tenant Flood Hazard Disclosure (C.A.R. Form TFHD)
  Other: _____
  _____

**46. REPRESENTATIVE CAPACITY:** If one or more Parties is signing this Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 49 or 50 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity (i) represents that the entity for which that party is acting already exists and (ii) shall Deliver to the other Party and Escrow Holder, within 3 Days After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

Landlord and Tenant acknowledge and agree Brokers: (a) do not guarantee the condition of the Premises; (b) cannot verify representations made by others; (c) cannot provide legal or tax advice; (d) will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in the Agreement, Brokers: (e) do not decide what rental rate a Tenant should pay or Landlord should accept; and (f) do not decide upon the length or other terms of this Agreement. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

**47.** [ ] **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language _____. Landlord and Tenant acknowledge receipt of the attached interpreter/translator agreement (C.A.R. Form ITA).

**48. The Premises is being managed by Owner, (or, if checked):**
  [ ] Listing firm in box below   [ ] Leasing firm in box below   [ ] Property Management firm immediately below

Real Estate Broker (Property Manager) _____ DRE Lic # _____

By (Agent) _____ DRE Lic # _____

Address _____ Telephone # _____

Tenant's Initials ( _____ ) ( _____ )                                Landlord's Initials ( _____ ) ( _____ )

LR REVISED 6/18 (PAGE 7 OF 8)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 7 OF 8)**

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com    122 - catlonia

Premises _122 Catalonia, Irvine, CA_ _92618-8882_                                    Date _10/03/2018_

**49.** Tenant agrees to rent the Premises on the above terms and conditions.
☐ One or more Tenants is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (For Tenant Representative) (C.A.R. Form RCSD-T) for additional terms.

Tenant _____    Date _16/4/2018_
Print Name _Brian Willis_
Address _____ City _____ State ____ Zip ____
Telephone _(949)572-9888_ _____ Fax _____ City _____ E-mail _briannwprtbch@gmail.com_ __ State ____ Zip ____
Tenant _____    Date _____
Print Name _____
Address _____ City _____ State ____ Zip ____
Telephone _____ Fax _____ City _____ E-mail _____ State ____ Zip ____
☐ Additional Signature Addendum attached (C.A.R. Form ASA)

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: (i) guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; (ii) consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and (iii) waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) _____
Guarantor _____
Address _____ City _____ Date _____
Telephone _____ Fax _____ City _____ E-mail _____ State ____ Zip ____

**50.** Landlord (owner or ☐ agent for owner) agrees to rent the Premises on the above terms and conditions.
☐ One or more Landlords is signing this Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (For Landlord Representative) (C.A.R. Form RCSD-LL) for additional terms.

Landlord _X_ _____ Date _____ Landlord _____ Date _____
_Rong Zou_
Address _____
Telephone _(949)668-8260_ _____ Fax _____ _____ E-mail _rebecazou@163.com_

**REAL ESTATE BROKERS:**
**A.** Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.
**B.** Agency relationships are confirmed in paragraph 40.
**C.** **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: (i) the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or lease or a reciprocal MLS; or (ii) ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Leasing Firm) _____
By (Agent) _____ DRE Lic. # _____
Address _____ DRE Lic. # _____ City _____ Date _____
Telephone _____ Fax _____ City _____ E-mail _____ State ____ Zip ____
Real Estate Broker (Listing Firm) _Realty One Group_                                    DRE Lic. # _01878341_
By (Agent) _____ _Alan Wang_ DRE Lic. # _02064689_ _____ Date _____
Address _4010 Barranca Pkwy Ste 120_
Telephone _(949)668-8260_ _____ Fax _____ City _Irvine_ E-mail _alanw.realty@gmail.com_ State _CA_ Zip _92604-4777_

© 2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

LR REVISED 6/18 (PAGE 8 OF 8)

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 8 OF 8)**

Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com                122 Catalonia



CALIFORNIA
ASSOCIATION
OF REALTORS®

**BED BUG DISCLOSURE**
(C.A.R. Form BBD, 6/17)
(California Civil Code §1954 603)

The following terms and conditions are hereby incorporated in and made a part of the Residential Lease or Month-to-Month Rental Agreement, ("Agreement"), dated _____ October 3, 2018 _____, on property known as _122 Catalonia, Irvine, CA 92618-8882_

In which _____

and _____ Brian Willis _____ is referred to as ("Tenant")
_____ Rong Zou _____ is referred to as ("Landlord")

**INFORMATION ABOUT BED BUGS:**

1. Bed Bug Appearance. Bed bugs have six legs. Adult bed bugs have flat bodies about 1/4 of an inch in length. Their color can vary from red and brown to copper colored. Young bed bugs are very small. Their bodies are about 1/16 of an inch in length. They have almost no color. When a bed bug feeds, its body swells, may lengthen, and becomes bright red, sometimes making it appear to be a different insect. Bed bugs do not fly. They can either crawl or be carried from place to place on objects, people, or animals. Bed bugs can be hard to find and identify because they are tiny and try to stay hidden.

2. Life Cycle and Reproduction: An average bed bug lives for about 10 months. Female bed bugs lay one to five eggs per day. Bed bugs grow to full adulthood in about 21 days.

3. Bed bugs can survive for months without feeding.

4. Bed Bug Bites: Because bed bugs usually feed at night, most people are bitten in their sleep and do not realize they were bitten. A person's reaction to insect bites is an immune response and so varies from person to person. Sometimes the red welts caused by the bites will not be noticed until many days after a person was bitten, if at all.

5. Common signs and symptoms of a possible bed bug infestation:
   * Small red to reddish brown fecal spots on mattresses, box springs, bed frames, mattresses, linens, upholstery, or walls.
   * Molted bed bug skins, white, sticky eggs, or empty eggshells.
   * Very heavily infested areas may have a characteristically sweet odor.
   * Red, itchy bite marks, especially on the legs, arms, and other body parts exposed while sleeping. However, some people do not show bed bug lesions on their bodies even though bed bugs may have fed on them.

6. For more information, see the Internet Web sites of the United States Environmental Protection Agency and the National Pest Management Association.

7. Tenant shall report suspected infestations by bed bugs to the Landlord or Property Manager at the mailing, or email address or phone number provided in the Agreement and cooperate with any inspection for and treatment of bed bugs.

8. Landlord will notify tenants of any units inspected by a pest control operator of the findings by such an operator within 2 business days of the receipt of the findings. All Tenants will be notified of confirmed infestations within common areas.

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date ___10/4/2018___          Date ___Oct. 4, 2018___

Tenant _____          Landlord _____Rong Zou_____
         Brian Willis                              Rong Zou

Tenant _____          Landlord _____

© 2017, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**BBD 6/17 (PAGE 1 OF 1)**

**BED BUG DISCLOSURE (BBD PAGE 1 OF 1)**

Realty One Group Inc, 4920 Barranca Pkwy., Ste 120 Irvine CA 92604                    122 Catalonia
Laowei Wang                    Produced with zipForm® by zipLogix  18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com



# CALIFORNIA ASSOCIATION OF REALTORS®

## ADDENDUM

### (C.A.R. Form ADM, Revised 12/15)

No. **1**

The following terms and conditions are hereby incorporated in and made a part of the: ☐ Purchase Agreement, ☒ Residential Lease or Month-to-Month Rental Agreement, ☐ Transfer Disclosure Statement (Note: An amendment to the TDS may give the Buyer a right to rescind), ☐ Other

dated **April 12, 2019**, on property known as **122 Catalonia**

**Irvine, CA 92618-8882**

in which **Brian Willis** is referred to as ("Buyer/Tenant")

and **Rong Zou** is referred to as ("Seller/Landlord").

_1. The full contract period from Oct 15th, 2018 to Oct 14th, 2021 will be separated into three section._
_1) Oct 15th, 2018~Oct 14th, 2019_
_2) Oct 15th, 2019~Oct 14th, 2020_
_3) Oct 15th, 2020~Oct 14th, 2021_
_As long as tenants pays the rent on time, both parties will enter next section automatically till the end of contract date._
_Both Owners and tenants agreed that rental price remains the same, which is $4100/month._
_Both Owners and tenants need to notify others two months earlier than the date they need to end the contract early before the end of contract. If both parties agreed, then both parties will be free of responsibility of breach the contract._

_2. Tenants have 5 business allowance day after the monthly rental due date(1st day of each month) to pay the monthly rent. Otherwise late fee will be charged to tenant which is $100 and 3-day notice will be attached._

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date **4/15/2019**

Buyer/Tenant _Brian Willis_

Buyer/Tenant _____

Date **4/15/2019**

Seller/Landlord _Rong Zou_

Seller/Landlord _____

© 1986-2015, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

EXHIBIT "B"

**ADM REVISED 12/15 (PAGE 1 OF 1)**

## ADDENDUM (ADM PAGE 1 OF 1)

### Notice Terminating Tenancy

To: Brian Willis, and to All Other Occupants
Address: 122 Catalonia, Irvine, CA 92618

PLEASE TAKE NOTICE that your tenancy of the above-described premises terminates October 14, 2019, per the terms of the Residential Lease you entered into on or about October 7, 2018, with landlord, Rong Zou, because per its Addendum you entered into on or about April 15, 2019, you did not pay the rent on time for the months of February, March, April, June, and July of 2019.

You are required by October 15, 2019, to quit and surrender possession of the premises to your landlord's agent, Alan Wang, at 120 Lanson, Irvine, California 92602, telephone (949) 668-8260, between the hours of 4:00 p.m. to 5:00 p.m., Monday through Friday, holidays excepted.

This NOTICE is intended as a legal notice for the purpose of terminating your tenancy in accordance with California Civil Code sections 1946 and 1946.1.

Dated: July 9, 2019

x _____ *PCWittlin* _____
Peter C. Wittlin
Attorney for Landlord,
Rong Zou
8 Corporate Park, Suite 300
Irvine, CA 92606-5196
Telephone (949) 430-6529

EXHIBIT "C"

PETER C. WITTLIN
PETER C. WITTLIN, ATTORNEY AT LAW
8 CORPORATE PARK, SUITE 300   IRVINE, CA 92701

## PROOF OF SERVICE

I, the undersigned declare that I served the Notice (s) below as indicated:

NOTICE TERMINATING TENANCY

The above described Notice (s) were served on the following named parties in the manner set forth below:

NAME OF OCCUPANT:   BRIAN WILLIS

DATE OF SERVICE:   July 12, 2019
TIME OF SERVICE:   06:45 pm

ADDRESS OF PROPERTY:   122 CATALONIA
IRVINE, CA 92618
(HOME)

[X] 1. PERSONAL SERVICE          By delivering a copy of the Notice(s) on the above named occupant(s)

[ ] 2. CONSTRUCTIVE SERVICE      After due and diligent effort, by service of said Notice(s) as authorized by C.C.P.
Section 1162 (2,3) on each of the above named parties in the manner set forth below.

EXHIBIT "D"

Fee for Service: 59.00
NATIONWIDE  County:  ORANGE
LEGAL
Registration No.:  1530
Nationwide Legal, LLC  (12-234648)
200 W. Santa Ana Blvd., Suite 300
Santa Ana, CA 92701
(714) 558-2400
Ref: WONG

I declare under penalty of perjury under the laws of The
State of California that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on July 16, 2019.

Signature: _____

FRANK HARRIGAN

992(o)(23)[Nov July 1, 1987]

## PROOF OF SERVICE

Order#: 2859566/NTQ

PETER C. WITTLIN
PETER C. WITTLIN, ATTORNEY AT LAW
8 CORPORATE PARK, SUITE 300   IRVINE, CA 92701

## PROOF OF SERVICE

I, the undersigned declare that I served the Notice (s) below as indicated:

NOTICE TERMINATING TENANCY

The above described Notice (s) were served on the following named parties in the manner set forth below:

NAME OF OCCUPANT:    ALL OTHER OCCUPANTS

DATE OF SERVICE:    July 12, 2019
TIME OF SERVICE:    06:45 pm

ADDRESS OF PROPERTY:    122 CATALONIA
IRVINE, CA 92618
(HOME)

MAILING ADDRESS:    122 CATALONIA
IRVINE, CA 92618

☐ 1. PERSONAL SERVICE    By delivering a copy of the Notice(s) on the above named occupant(s)

☒ 2. CONSTRUCTIVE SERVICE    After due and diligent effort, by service of said Notice(s) as authorized by C.C.P. Section 1162 (2,3) on each of the above named parties in the manner set forth below.

XX Substituted Service - By leaving the copies with or in the presence of a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served. I informed him/her of the general nature of the papers.

XX By posting a copy for each of the above named parties on July 12, 2019 at 06:45 pm in a conspicuous place on the property; and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on July 12, 2019.

Fee for Service: 40.00
NATIONWIDE LEGAL  County:  ORANGE
Registration No.:  1530
Nationwide Legal, LLC  (12-234648)
200 W. Santa Ana Blvd., Suite 300
Santa Ana, CA 92701
(714) 558-2400
Ref: WONG

I declare under penalty of perjury under the laws of The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on July 16, 2019.

Signature: _____

FRANK HARRIGAN

**PROOF OF SERVICE**

982(a)(23)[New July 1, 1987]

Order#: 2859568/NTQ

## NOTICE TO PAY RENT OR QUIT

To: Brian Willis, and to All Other Occupants
Address: 122 Catalonia, Irvine, CA 92618

PLEASE TAKE NOTICE that <u>within three days</u> after service of this notice you are required to pay the rent now due and owing on the premises located at the above-described address, in the amount of $4,100.00 due for the month of September of 2019, plus $100 late fee, and $1,851.61 due for the period from October 1, 2019, through October 14, 2019, plus $100 late fee, for a total of $6,151.61.

Within three days after service of this notice upon you, the total overdue rent payment, i.e., $6,151.61, must be made by cash or check, payable to your landlord's agent, Alan Wong, at 120 Lanson, Irvine, California 92602, telephone (949) 668-8200, between the hours of 4:00 p.m. to 5:00 p.m., Monday through Friday, holidays excepted; he will be available to receive your payment personally during such hours.

In the alternative, you are required to deliver possession of the premises to Alan Wong at his address above during the stated hours above, within three (3) days after service of this notice.

If you fail either to pay the amount demanded in this notice or to vacate and deliver the premises to Alan Wong within three days, your landlord, Rong Zou, will commence legal proceedings against you to (1) declare a forfeiture of your lease), (2) recover possession of the premises, (3) recover the rent demanded herein, due for the periods covered by this notice, and (4) recover damages for each day that you occupy the premises after the periods covered by this notice, plus statutory damages and costs of suit including reasonable attorney's therein incurred.

Further, if you fail timely to pay the amount demanded by this notice, the undersigned declares the forfeiture of the lease under which you hold possession of the premises.

Dated: October 8, 2019

_PCWittlin_
Peter C. Wittlin, Attorney for
Landlord, Rong Zou
8 Corporate Park, Suite 300
Irvine, CA 92606
Tel. (949) 430-6529

EXHIBIT "E"

## PROOF OF SERVICE

I, the undersigned declare that I served the Notice (s) below as indicated:

NOTICE TO PAY RENT OR QUIT

The above described Notice (s) were served on the following named parties in the manner set forth below:

NAME OF OCCUPANT:   BRIAN WILLIS AND ALL OTHER OCCUPANTS

DATE OF POSTING:   October 9, 2019
TIME OF POSTING:   08:10 pm

DATE OF MAILING:   October 9, 2019

ADDRESS OF PROPERTY:   122 CATALONIA
IRVINE, CA 92618
(HOME)

☐ 1. PERSONAL SERVICE          By delivering a copy of the Notice(s) on the above named occupant(s)

☒ 2. CONSTRUCTIVE SERVICE    After due and diligent effort, by service of said Notice(s) as authorized by C.C.P.
Section 1162 (2,3) on each of the above named parties in the manner set forth below.

XX By posting a copy for each of the above named parties on October 9, 2019 at 08:10 pm in a conspicuous place on the property; and thereafter mailing a copy to each said party by depositing said copies in the United States mail, in a sealed envelope with postage fully prepaid, addressed to each said party at their place where the property is situated on October 9, 2019.

Fee for Service: 89.25
County: ORANGE
Registration No.: 1530
Nationwide Legal, LLC (12-234648)
200 W. Santa Ana Blvd., Suite 300
Santa Ana, CA 92701
(714) 558-2400
Ref: WONG

EXHIBIT "F"

I declare under penalty of perjury under the laws of The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on October 16, 2019.

Signature: _____

FRANK HARRIGAN

i2(a)(23)[New July 1, 1987]

Order#: 2867219/NTQ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

JUSTICE CENTER :
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
☒ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North - 1275 N. Berkeley Ave., Fullerton, CA 92838-0500
☐ West - 8141 13th Street, Westminster, CA 92683

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
HARBOR JUSTICE CENTER

NOV 22 2019

DAVID H. YAMASAKI, Clerk of the Court

BY: C.E. RUDDY DEPUTY

PLAINTIFF: Alan Wang

DEFENDANT: Brian Willis

STIPULATION FOR ENTRY OF JUDGMENT - UNLAWFUL DETAINER
Limited Civil

CASE NUMBER:
30-2019-01105993

IT IS STIPULATED by and between the plaintiff(s): Alan Wang
and defendant(s): Brian Willis

☒ that plaintiff(s) be awarded possession of the premises located at: ☒ includes forfeiture of the lease
122 Catalonia, Irvine CA 92618

☒ and that a money judgment is granted in favor plaintiff(s) as follows:
$ _____ Rent & Damages, $ _____ Attorney fees, $ _____ Costs, for a
TOTAL SUM OF $ 14,588.00 , plus interest after judgment at the legal rate.

☒ A writ of possession is to issue forthwith, but no final lockout prior to: January 5, 2020
provided Willis delivers a $4100 cashiers check to Wang by 11-30-19

☒ STIPULATION FOR PAYMENTS between 4-5 pm on 11-30-19
Defendant agrees to pay installments of $ 2500 on the 15th day of each month commencing
on 1-15-2020 until paid in full; if any payment is more than 5 days late, the entire amount will
become due and payable immediately. Payable to Atty. Wittlin

☐ Judgment is to be entered immediately   ☒ Judgment is only to be entered upon default in payments

☒ PLAINTIFF(S) AND DEFENDANT(S) FURTHER STIPULATE AS FOLLOWS:

The $4100 obligation is not part of the
$14,588.00 now past due obligation.

Judgment is binding on all occupants of the premises
described above.
Wang shall return the $4100 security deposit within 3 weeks after
Willis vacates the premises.

I/we the defendant(s), understand that I/we have the right to: (1) have an attorney present; (2) notice and/or hearing of any
default of terms of the stipulation; (3) I/we give up these rights.

Date: 11/22/19 ___ Alan Wong ___     P.C. Wittlin
                  PLAINTIFF/ATTORNEY     PLAINTIFF/ATTORNEY

Date: 11/22/14 x _____     x _____
                  DEFENDANT/ATTORNEY     DEFENDANT/ATTORNEY
                                         Victor Mezger

JUDGMENT IS HEREBY ORDERED ON ALL TERMS OF THE FOREGOING STIPULATION

Date: 11/22/19 ___ Michael S. McCartin ___
                  Judge/Commissioner of the Superior Court*
                  (* sign only if judgment is to be entered immediately)
                  Michael S. McCartin

**EXHIBIT "B"**

STIPULATION FOR ENTRY OF JUDGMENT- UNLAWFUL DETAINER

1081 (R 04/15)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

8 Corporate Park, Suite #300, Irvine, CA 92606

A true and correct copy of the foregoing document entitled (*specify*): Notice of Motion and Motion for Relief from
the Automatic Stay with Supporting Declarations (Action in nonbankruptcy Forum)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/15/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> ustpregion16.sa.ecf@usdoj.gov
> efile@ch13.com
> firmanweber@yahoo.com

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  01/15/2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe A. Smith                          Brian N. Willis
United States Bankruptcy Court                  122 Catalonia
Central District of California                        Irvine, CA 92618
Ronald Reagan Federal Building and Courthouse

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/15/2020 | Chelsea Karston | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.